UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RON PORTIS,** on behalf of himself and all other similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>**CENTRAL TRANSPORT, INC.,**<br><br>Defendant. | Case No. |

# COMPLAINT

Plaintiff, RON PORTIS, by his undersigned attorneys, for his Complaint against the Defendant CENTRAL TRANSPORT, INC., alleges as follows:

## NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named individual plaintiff who seeks redress for the Defendant's violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. This action is brought as a nationwide collective action pursuant to 29 U.S.C. §216(b) alleging violations of the Fair Labor Standards Act. It is also brought as a state wide Class action pursuant to Rule 23 for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq.

2. Plaintiff Ron Portis was employed by Defendant as a fork lift driver in Defendant's Hillside, Illinois customer service center. Defendant has about 200 customer service centers located in forty-five states around the country.

3. Defendant implemented a common scheme in all customer service centers whereby Plaintiff and all other fork lift drivers were not paid for paid overtime for hours worked

in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").

4. The similarly situated individuals whom the Plaintiff seeks to represent are comprised of fork lift drivers employed by Defendant Central Transport, Inc., Inc. Defendant knowingly and willfully failed to pay them wages in accordance with applicable federal law, including but not limited to overtime wages that were improperly underpaid due to Defendant's common compensation policy. Plaintiff seeks redress on behalf of himself and all others similarly situated. Plaintiff brings this action as a nationwide collective action pursuant to 29 U.S.C. §216(b) for violations of the FLSA and as a statewide class action under Illinois law pursuant to Rule 23, F.R.C.P.

5. Upon information and belief, at all times hereinafter mentioned, Defendant Central Transport, Inc. ("Central Transport") was and still is a foreign corporation with its headquarters in Warren, Michigan.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendants pursuant to Federal Rule 4 (k)(1), in that Defendants have sufficient contact with the state of Illinois as they conducted business within the state. *See* 735 ILCS 5/2-209.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

**GENERAL ALLEGATIONS**

8. This lawsuit arises out of Defendant's practice of knowingly and willfully refusing to pay fork lift drivers overtime pay for all hours worked in excess of forty hours each workweek.

9. At all times relevant, Plaintiff and all other fork lift drivers were non-exempt employees of Defendant Central Transport, as defined by the FLSA. Plaintiff was employed by the Defendant from September 2011 until January 2013.

10. At all times relevant, Central Transport was an employer, as defined by the FLSA and Illinois state law.

11. Defendant Central Transport is engaged in interstate commerce as that term is used in the FLSA.

12. At all times relevant, Plaintiff and all other fork lift drivers, in their capacity as employees of Defendant Central Transport, were engaged in interstate commerce.

13. During the course of employment with Defendant Central Transport, fork lift drivers, such as Ron Portis, were not exempt from overtime wages. However, the fork lift drivers were only paid straight time for all hours worked up to 55 hours and did not receive overtime compensation as required by the FLSA and the IMWA until after they had worked 55 hours..

14. Plaintiff was paid an hourly wage for being a fork lift driver. At the time he and the company parted company, he was paid $13 an hour. He was paid overtime, but only on hours worked over 55 in a given work week.

15. During the course of all the fork lift drivers' employment with Defendant Central Transport, the fork lift drivers routinely worked in excess of 40 hours per week. For example,

Plaintiff Portis never worked less than 45 hours a week and sometimes worked as much as 65 hours in a work week.

16. Despite the fact that the fork lift drivers were not exempt, Defendant Central Transport did not pay them the proper wages they were owed, including payment of overtime wages for work in excess of 40 hours per week.

17. Plaintiff and the Class are entitled to actual and liquidated damages for Defendant's actions.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

18. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

19. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of himself and the following class of persons: All fork lift drivers who worked for Defendant Central Transport at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

20. All putative members of the class are similarly situated because, inter alia, they all had similar duties; performed similar tasks; were entitled under the FLSA to be paid overtime for all work in excess of 40 hours per week; and had such rights undermined and negated by Defendant's unlawful practices and policies.

21. Defendant has encouraged, permitted, and required the fork lift drivers to work without overtime compensation until they had worked 55 hours in a given work week.

22. Defendant has known that Plaintiff and other members of the FLSA Class have been deprived of overtime compensation. Nonetheless, Defendant has operated under a scheme

to deny the Plaintiff and the Class all overtime compensation for work in excess of 40 hours and less than 55 hours in a week.

23. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## COUNT I
## FAILURE TO PAY MINIMUM WAGES AND OVERTIME WAGES UNDER THE FLSA

24. Plaintiff realleges and incorporates by reference all the above allegations.

25. Under the FLSA, the fork lift drivers (hereinafter referred to as "The FLSA Class") were entitled to be paid overtime for all hours worked over 40 in a given work week.

26. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

27. Defendant failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

28. Defendant's violation of the FLSA for failure to pay the fork lift drivers overtime wages was willful and deliberate.

29. Upon information and belief, Defendant's practice as described above was not approved in writing by the United States Department of Labor.

30. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

31. Due to Defendant's violation of the FLSA, The FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ALLEGATIONS

32. Plaintiff also brings this action as a class action on behalf of himself and all other persons similarly situated in Illinois, subject to entry of an Order certifying this cause as a class action pursuant to Rule 23, F.R.C.P.

### Class Action Law

33. Rule 23 provides that a cause of action may be maintained as a Class Action if:

   a. The Class is so numerous that the joinder of all members is impracticable;

   b. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members;

   c. The representative parties will fairly and adequately protect the interest of the Class; and,

   d. The Class Action is an appropriate method for the fair and efficient adjudication of the controversy.

### Proposed Class

34. Plaintiff seeks certification of the following classes:

   "All individuals who were employed by Defendant, its subsidiaries or affiliated companies, as fork lift drivers in the state of Illinois at any time during the relevant statute of limitations period who were not paid overtime for hours worked over 40 in any given work week."

### The Employee Class Meets the Requirements for Class Certification Numerosity

35. The Class satisfies the numerosity standards. On information and belief, at the time this complaint was filed, Central Transport had approximately forty fork lift drivers in its service centers in Illinois. Over the last three years, there have been at least another fifty fork lift drivers who worked at Central Transport and who have the same claims as the Plaintiff. There is no question therefore that this lawsuit encompasses up to 100 potential claimants. The proposed

Class can be identified and located using Defendant's payroll and personnel records. Therefore, the Class is so numerous that the joinder of all members is impracticable and the Class can be ascertained through objective criteria. Class members may be informed of the pendency of this Class Action by direct mail based upon payroll records and/or published and broadcast notice.

### Common Questions of Fact or Law

36. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

> e. Whether Defendant failed to pay Plaintiff and Class members all compensation due them;
>
> f. Whether Defendant failed to pay Plaintiff and Class members all overtime compensation due to them;
>
> g. Whether Plaintiff and the Class were expected to work in excess of 40 hours per week;
>
> h. Whether Plaintiff and the Class worked in excess of 40 hours per week;
>
> i. Whether Defendant's practices violate provisions of the Illinois Minimum Wage Law;
>
> j. Whether the Defendant's failure to pay overtime was willful;
>
> k. Whether Plaintiff and the Class have suffered damages and the proper measure of those damages;

37. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy. Moreover, the resolution of these common issues will control the outcome of the litigation.

### Typicality

38. Plaintiff's claims are typical of the claims of the Class members. The named Plaintiff suffered similar injuries as those suffered by other Class members as a result of Defendant's failure to pay wages, including overtime compensation, for hours actually worked.

### Adequacy

39. The named Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the Class will be fairly and adequately protected by the named Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

40. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant or substantially impair or impede the ability of class members to protect their interests.

## COUNT II
## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

41. Plaintiff repeats and re-alleges the above paragraphs.

42. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

43. Defendant failed to pay Plaintiff for overtime hours worked. Upon information and belief, Defendant also failed to pay other members of the Plaintiff class for overtime hours worked.

44. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

45. Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1. Award all actual damages suffered by Plaintiff and the fork lift drivers;

2. Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA and the IMWA;

3. Award Plaintiff and the Class damages in the amount of overtime wages required by the FLSA and the IMWA improperly denied them by Defendant's actions;

4. Award Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

5. Award Plaintiff punitive damages;

      6.      Award Plaintiff prejudgment interest pursuant to the IMWA;

      7.      Award Plaintiff post-judgment interest;

      8.      Award Plaintiff reasonable attorneys' fees as well as the costs of this action;

      9.      Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues raised by the Complaint.

Dated: May 13, 2015

Respectfully submitted,

RONNIE PORTIS

By: ____/s/ Terrence Buehler_____

Terrence Buehler
**Touhy, Touhy, & Buehler, LLP**
55 West Wacker Drive
Suite 1400
Chicago, Illinois 60601
Telephone: (312) 372-220929

Peter Lubin
Vincent DiTommaso
**DiTommaso-Lubin**
DiTommaso-Lubin P.C.
The Oak Brook Terrace Atrium
17W220 22d Street, Suite 200
Oak Brook Terrace, IL 60181